Number 2016-23 and we'll begin with Ms. Gonzalez. Good afternoon. Good afternoon and may it please the Court. Carmen Iguina Gonzalez for Petitioner Appellant Jeffrey Bridges. Mr. Bridges here is entitled to a new sentencing hearing because the Sentencing Council failed to follow these basic steps in his case. To start, know that the categorical approach applies to determine whether Hobbs Act brokery triggers the career offender or not. And if it does, then apply that categorical approach. Meaning, read the statute carefully, read the guidelines provisions and compare. That inquiry would have revealed an overbreath problem or as this Court put it in another case, it would have revealed that the crime of violence classification was suspect. And finally, do the research. Basic research would have revealed that there was nothing that foreclosed defense counsel from raising this objection and that in fact other courts had ruled in favor of his clients. Ms. Gonzalez, can I ask you a question? As I understand our circuit's case law, we would not allow a direct attack under 2255 on a guideline error like this, including a career offender guideline. Why, that's Hawkins. Why should we allow an attack using the ineffective assistance of counsel avenue? Well, your Honor, every Strickland claim has within it embedded a substantive question. That's the substance of Strickland. It will always have an argument that the petitioner is claiming his counsel should have raised. So unless the government's position is that counsel can never be ineffective for failing to raise a guidelines issue with the court, then petitioners have to be permitted to raise these through Strickland. And in fact, this court has been clear that counsel's failure to alert the court of an error in the guidelines calculations amount can amount to Strickland deficiency. And would you agree that if we if we agree with you and remand this either for a hearing on ineffective assistance or just directly for a new sentence that the district judge would be free to impose the same sentence again? Yes, your Honor. Of course, the judge still has to go through the steps for sentence, right? So the new sentencing range would anchor where the court begins to consider and any variance from that would have to be justified on the record. And it would be pretty easy to justify this on the record, wouldn't it? I mean, because the argument here under advisory guidelines, we're talking about like the most hypothetical, most technical and arbitrary sorts of lines the guidelines draw. Particularly when we're applying the categorical method based on hypothetical ways that the crimes might have been committed as distinct from the ways that this petitioner committed. Which qualifies as violent. That's correct, your Honor. It's still the Sentencing Commission's judgment, however, that a petitioner... And on remand, would the district judge be able to consider the advice from the Sentencing Commission and its proposed amendments from December of 2018, which would, if and when they ever take effect, would mean that the categorical method is no longer required? Understanding that the guidelines calculation as it would apply to petitioner, that that is what needs to anchor the judge's initial consideration and that any variance from there would have to be justified either on the basis of 3553A or other factors that the government can argue are legitimate basis for consideration. Which could include new advice or new amendments being considered by the Sentencing Commission. It might, your Honor. I don't know if this court has definitively determined whether a prospective amendment that has not been adopted is a proper consideration. Why on earth would it not? Why on earth would it not be? We'll say that the amendment is turned down and the judge sentences a defendant... The judge says, I think that was right. I think that would have been a good amendment and I'm going to file. Is that prohibited? Again, your Honor, I think that would be a question for counsel to develop on remand. Here we're focused on if 2255 relief is granted, the guidelines calculation as should have been applied without the career offender enhancement. That is what anchors the initial determination. That's where the judge is starting from. You cite Cuthbertson, the Tenth Circuit case from a few weeks ago. But isn't it different for the Tenth Circuit to grant 2255 relief now to someone who made the same, whose lawyer made the same error? Look, the Tenth Circuit already has ruled that Hobbs Act robbery is not a crime of violence as defined in the guidelines and did so some time ago. But this court, on the other hand, has yet to issue such a ruling and hadn't even hinted at it in the Tyler case at the time of Mr. Bridges' sentencing. So, your Honor, actually the petitioner in Cuthbertson is being sentenced before the Tenth Circuit issues the decision in O'Connor. So the petitioner in Cuthbertson is actually in a position where no court has opined on this question whatsoever. And still the Tenth Circuit finds, even before we decided this question definitively, it was ineffective assistance to fail to raise it. And so that's the same position that Mr. Bridges is here. There's no guidance from the Seventh Circuit. In fact, Mr. Bridges has the argument that other courts of appeals had already ruled on it. So his argument, the deficiency, I think argument is stronger here for that reason. I mean, you know, I understand you're building a blocks argument that Martin had all of the building blocks available to him to raise this defense. But to follow on your analogy, there are different kinds of lawyers in this world. Those who can take loose Legos out of a box and build an inventive structure that would rival, you know, Frank Lloyd Wright, Frank Gehry, who knows. And there are other lawyers who need the Lego set with the step-by-step directions to build the simplest house. It is pretty clear that effective assistance of counsel normally doesn't require more than the house builder, right? I mean, absolutely, Your Honor. It is a spectrum. And there are attorneys who are in arguments that you could describe as requiring building this complex structure. You know, as I like to think about it, there are cases where if you think about it in the concept of art, you're talking about someone putting together a Picasso. This was paid by numbers. This is really a simple you read the statute, you know, actual or threatened force, a person or property. And you compare that to the language of the guidelines. And it's very clear in that moment, right, just doing what the categorical approach mandates. Read and compare. It's clear that there's an overbreath problem. You say that, Ms. Gonzalez, but we're dealing with an area of law here that is one. It strikes many lawyers as counterintuitive because of the point that Judge Hamilton was observing about the categorical approach. But but it's also complex in the extreme when it comes to the application of the categorical approach. And the fault here would lie with the lawyer just missing O'Connor. Right, Mr. Martin. Missing O'Connor. Well, Your Honor, I think the categorical approach cases without question, it is a spectrum. And we're not talking here about arguments. Should counsel have, you know, foreseen an argument about, well, is a boat a dwelling? Right. These cases that are dividing the courts of appeals ultimately ending up in the Supreme Court. This is actually a very straightforward application of the categorical approach. All it requires is read the provisions and compare. It's it's it's actually illustrated by the fact that as to this categorical approach, questions is unanimous. The courts of appeals at this point are unanimous on it. It's it's really a straightforward analysis. And and this court has not required that there be an answer or the definitive answer. I think you're I think your best argument, your your point has to be, I think, slightly different than that. Your point has to be that under prong one of Strickland, when assessing the reasonable performance of a lawyer, that you have to assume a certain baseline level of knowledge about federal sentencing, including about the categorical approach in cases that implicate questions about crimes of violence. I think that's absolutely right, Your Honor. And I think that's the point that we attempt to make in our briefs about Hinton. Hinton demands that under Strickland, an attorney know the fundamental law that applies to his case and then do the basic research. And here, absolutely. For a defender, that means the categorical approach. It's it's absolutely necessary for defenders who are day in and day out facing these questions about enhancements, about where a crime falls, that they know how the categorical approach works and they know how the law is developing in that area. I see that my time is up and I had wanted to reserve some time for rebuttal. If I could just add, there's one important matter I'd like you to address, Miss Gonzalez. As you know, there's no Seventh Circuit precedent on point on this Hobbs Act question in this guideline. Suppose we were to find in another case subject to the plain error standard presenting this issue. Suppose we said not a plain error, the kind of thing that a district judge is required to raise himself or herself. Could we also agree with you and could it seems to me that there would at least be some anomaly that needed to be explained. If we were going to say not a plain error, yet ineffective assistance to fail to raise it by the defense counsel. I think absolutely, Your Honor. If you look at the focus, the inquiry is different right under ineffective. You're looking at what counsel should have done under plain error. You're looking at what the district court should have caught. And then in the context of Strickland, this court has made it clear the inquiry is not that the lawyer. Right. The lawyer need to find an argument that was slam dunk. You were sure to win on it. Rather, Jones versus a techie just last year, this court put it very clearly. The question is, was relief for your client possible to put it another way? And Ramirez, the court is looking at the categorical approach analysis and saying, was there enough in the law to make it suspect? So you don't have to show. Oh, absolutely. For sure. One hundred percent counsel would have won. It's enough to say there was a possibility for relief here and counsel should have pursued that theory. Thank you. Thank you. Miss Gonzalez, we'll give you a minute on rebuttal. And Mr. Wood, good afternoon to you. We'll turn to you. Good afternoon, Your Honor. Bob Wood on behalf of the government. May it please the court. There are certain aspects of objective reality that are hard to research and present to the court. And as I see it, this case depends on one in that the focus is Strickland. And I've tried to frame this as did anyone or multiple lawyers in this circuit at least make this argument before twenty nineteen or even before twenty twenty? The issue was viable in numerous cases. Hobbsite robbery is a very common charge, but Westlaw silence. So the question with the burden being on the movement movement here, the question is how to interpret that silence. And I would argue that the most natural inference is that no one made or responded to the argument. If someone had made this kind of a sophisticated argument on the defense side, it would have been appealed if they had lost and it would have been appealed if they had won. Because the government has you know, we have our argument. It is what it is. But we're pushing it hard, hard enough to stay the course. So we would have appealed it. And surely a good defense attorney would have appealed it if they had lost. There's no record of anything. These circumstances here, though, the difficulty that I have with this is I totally understand defense counsel's focus on mitigation going into sentence. That makes fine sense to me. But when you look at the guidelines calculation, there's also no question that the career offender enhancement is doing a massive amount of work in the calculation. And so I think Mr. Bridges' argument that Ms. Gonzalez is quite ably making on his behalf is that a diligent lawyer, who I think you have to presume has some knowledge of federal sentencing law, which would include the categorical approach here, would look at is there a viable challenge to this career offender enhancement as opposed to just letting it kind of slide by. And I think Mr. Bridges' point is that the moment you open the jar on that, you don't have to go very deep to see that there's a potential challenge. Your Honor, I would agree fully that that is the best form of Mr. Bridges' argument. I think Ms. Gonzalez made it well. I think Your Honor puts it well. My response would be that although, you know, I just there is no way that I know of to research or find this data. I talked to all the districts. This argument has still to this day. I talked to all my colleagues, criminal chiefs, appellate chiefs, and all the districts in the circuit. In one district, they seem to be seem to have made this argument a few times. In 2019, that's the Central District of Illinois. And then in the Northern District of Illinois, they made it. Maybe they said they don't have a record of it, but they think they saw it one time, but not briefed in 2020. And then in five districts, they haven't seen it yet. And in every one of these instances, it would be it would have been a crime of violence. Not in every one of them would it have been necessarily a career offender, big boost to the guidelines like you're talking, Your Honor, but in some of them, surely it would have been. In all of them, it would have been an increase of some magnitude. So the problem that I have with defining the question at that high level of generality, and this case does exist within a high level of generality in the sense that the stakes are high, but that doesn't give a proper attention to the prevailing norms, professional norms, which Cuthbertson also didn't attend to. And it also just doesn't take the case on its own terms, or at least it doesn't suggest a rule that would take cases on their own terms. But I do get the point. The stakes were high. The categorical approach existed. The categorical approach is very convoluted, less so here, but it's intimidating for a lot of lawyers. The in terms of professional prevailing professional norms, mitigation arguments are the norm in at least in my district for sentencing arguments across the board. And let me ask you an unfair to unfair questions. First, I'll ask two more unfair ones. I'm going to I'm just going to write down that I'm being treated unfairly. Sorry. Do you agree that today it would be ineffective assistance of counsel to fail to raise this argument in a case like like Mr. Bridges. Bound by my duty of candor to the court, I have communicated to the people in my office that they need to find a way to navigate the government's steadfast refusal to confess error across the board on this while alerting the court that this is going to probably come back. Because we are now so far in. That's a very fair answer. And then the really unfair question is. And maybe you want to not answer it, but when did it become clear that this would be ineffective assistance? Well. I would say that on the most persuasive authority across the circuits, and I don't think there is a specific authority on this point in this circuit, but I think this court would agree that when you have. Three three courts of appeals and around the country that should raise it to a level that that have that have agreed, essentially, that makes sense. And I appreciate the answer, but I just I would have thought, though, that once O'Connor comes out of the 10th Circuit. The national network among federal defenders immediately alerts everybody to this issue, even on the assumption that other folks haven't recognized it yet. It's funny, your honor. I had actually written down an argument along those lines, but it didn't feel right to it to, you know, I don't know. Publication service. I don't want to malign their the way they're handling this practice. I'm sure I but I also found it a little suspicious in comforts and they took for granted this intrepid federal defender from Denver, saying your lawyer. Made the wrong decision in this case, but how many cases must the federal defender service in Colorado have handled in the year leading up to that in which they didn't make the argument. I just, I don't know, but I don't have a really great answer for when this became ineffective. I'm sorry, your honor. Thank you. Hey, I have two questions about your argument on enumerated extortion. Don't we ordinarily refer to injury to property as damage, physical injury seems an odd way to describe that. So, what would be a non physical injury, you know, a property, walking up to it, saying I hate you. I mean, what would be. I think the, the government's strongest part of this. I admittedly I do not walk around, you know, say a town that's been a neighborhood damaged by fire trainer and say look at all the physical injuries done to those buildings, I admit, I acknowledge that your honor but the, but the point is, the government's strongest point in this regard is that the guidelines use bodily injury when they mean bodily injury and what is this. We don't know what this physical injury term is other than something in between property damage and bodily injury. And if it is co terminus with bodily injury why have two terms that mean the same thing. On the other hand, we also have the argument that physical means material which can mean a building. And then finally, our guidelines argument is that to refine Nardello in the way that the commission did. And, you know, as one of the panel members alluded to earlier we're all hoping for a quorum on the sentencing commission to clarify all sorts of these things but to do that in a way that keeps arson in the guideline talks about violence, that doesn't necessarily exclude damage to property. Even if it's referred to as physical injury from that guideline that's that's the argument we have that's I have nothing insightful to offer beyond what. Beyond that, Mr. Mr would if we think that this at least might have been an effective assistance of counsel. Would the appropriate step be a remand for a hearing, for example, about possible strategic reasons and choosing to emphasize mitigation. Or should we go straight to a new sentencing hearing. Well, you know the government made at one point a reference to the seriousness of these sorts of issues for a lawyer's reputation, and I would be remiss in not advocating for at the very least giving Mr. Martin the opportunity to say this was about an art, you know, there were these, we had a sense that there were, he was going to have even more Hobbs Act charges I you know I don't know what the strategy was in his mind, I. I don't quarrel with the point that there's not strategy in evidence now but I think giving him the opportunity to hearing makes sense, if that's the point, but then all the attorneys around the circuit not elsewhere would would have to, I think, make the same sort of have the same sort of soul searching, even if not in front of a court, because it's just never been made. Yeah. And with that, oh, am I out of time. Yep. Thank you, Your Honor. Okay, very well Mr would miss Gonzalez will return to you and give you one minute to close down here. Thank you very much. I appreciate that. Just very quickly on the point of how many attorneys were racing this, you know, it's tempting to try to look at those facts. However, this court and courts around the country have been clear, and Jones was just a techie following the crowd is really no excuse. In Delatore is another example that the inquiry under Strickland one is not whether counsel's conduct deviated from the most common practice. And I would say that, you know, in terms of Strickland's language about well below professional standards, I would think that some empirical evidence might be relevant, wouldn't it. Your Honor, I think it's it's definitely informative if other counsel were raising the argument and counsel missed it, but this court has been clear when an argument is there available and it's possible for the client. This is Jones versus a techie. The fact that, you know, every in that case, it was the fact that every attorney in Indiana was failing to raise it is no excuse to deprive a defendant of his constitutional rights. And I will say that the evidence here is even with, you know, Mr. Woods discussion of how he's been trying to find this data. By my count, there's actually more than half of the cases where attorneys were raising this argument than not. And so it's not like we're talking about one public defender who cleverly thought of this. It really is was evident there on the application of the categorical approach. Thank you very much. May I say something, please, Judge Scudder? Of course. You are both very able attorneys and. I'm very impressed by your arguments. Thank you. I, too, agree. Thanks. Thank you. Thanks to both counsel. We'll take this case under advisement and go to our.